Edgard Alberto **AGUILAR,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–72851.

Agency No. A70–910–623.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Marc J. Wigul, Esq., Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Mary Jane Candaux, Esq., Jennifer Lightbody, Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Edgard Alberto Aguilar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his motion to reopen deportation proceedings in which he was ordered deported in absentia. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Reviewing the IJ's decision for abuse of discretion, *see Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995), we conclude that there was none. Aguilar contends that he is similarly situated to the alien in *In re M–S–,* 22 I. & N. Dec. 349 (BIA 1998) (en banc). The *M–S–* procedure, however, re-

---

quires compliance with the regular requirements for motions to reopen, including timeliness. *Id.* at 357. The alien in *M–S–* filed a timely motion to reopen. *Id.* at 350–51; *see also* 8 C.F.R. § 3.2(c)(2) (2002). Aguilar, by contrast, filed his motion to reopen, seeking adjustment of status, seven years after the entry of his in absentia order of deportation.

We find no merit either in Aguilar's reliance on *Singh v. Ashcroft,* 295 F.3d 1037 (9th Cir.2002), where there was no issue of timeliness with respect to Singh's motion to reopen. *See id.*

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.